UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAUSKOPF, J.     FILED
                CLERK

REYES, M.J. 2015 AUG 14  AM 11: 46

------------------------------------------------------------ X

STEVEN SIDBURY A/K/A JOHN DOE,

                    Plaintiff,

      -against-

THE CITY OF NEW YORK, CORRECTION
OFFICER GRINNAGE Shield # 18825, CAPTAIN
PAYNE Shield # 812, CORRECTION OFFICERS
JOHN DOE # 1-15,

                    Defendants.

------------------------------------------------------------x

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**COMPLAINT AND
JURY TRIAL DEMAND**

**CV 15     4761**

## PRELIMINARY STATEMENT

1.     This is a civil rights action brought by plaintiff STEVEN SIDBURY A/K/A JOHN DOE ("Mr. SIDBURY" or "plaintiff") for damages pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

2.     While in custody of the New York City Department of Correction ("DOC" or "the DEPARTMENT"), and detained at the Otis Banton Correctional Center (OBCC), plaintiff was viciously assaulted by staff members of the Department.

3.     As a result of these attacks, plaintiff suffered significant injuries. Plaintiff now seeks redress against the DOC employees who assaulted him and others who failed to intervene in his assault as well the City of New York.

4.     Plaintiff seeks compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

5.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

6.     This action arises under the Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, and 1988. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. § 1331 and § 1367.

## JURY DEMAND

7.     Plaintiff demands a trial by jury in this action.

## VENUE

8.     Under 28 U.S.C. § 1391 (b) and (c) , venue is proper in the Eastern District of New York.

## PARTIES

9.     Plaintiff at all material times relevant hereto resided in the City and State of New York.

10.    That at all times hereinafter mentioned, and upon information and belief, the defendant, the City of New York, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The New York City Department of Correction was at all times relevant hereto, an agency of the defendant the City of New York.

11.    That at all times hereafter mentioned, and on information

and belief, defendant correctional officers were at all times relevant hereto, employees of the defendant City of New York, employed as correctional officers by the New York City Department of Corrections. Said defendants are sued in their individual and official capacities.

12.    Defendant correctional officers, at all relevant times herein, either directly participated or failed to intervene to stop the assaults upon plaintiff.

13.    At all times mentioned herein, defendants were acting under color of state and local laws, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

14.    That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as correctional officers employed by the defendant City of New York through its agency, the New York City Department of Corrections and that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as officers and employees of defendant, the City of New York.

## STATEMENT OF FACTS
### A History of Excessive Use of Force New York City's Jails

15.    In August of 2014, the United States Attorney's Office issued a shocking report, exposing the DOC for deplorable conditions in New York City Jails, including of course the DOC's culture of excessive use of force by staff against inmates. In fact, for decades, through Department reports and civil litigation, DOC has been aware of the routine, dangerous, and unconstitutional use of excessive force by staff at individual facilities in the New York City Department of Correction. See, e.g., Fisher v. Koehler, 692 F. Supp. 1519

(S.D.N.Y. 1988), injunction entered, 718 F. Supp. 1111 (1989), aff'd, 902 F.2d 2 (2d Cir. 1990) [Correction Institution for Men]; Jackson v. Montemagno, CV 85-2384 (AS) (E.D.N.Y.) [Brooklyn House of Detention]; Reynolds v. Ward, 81 Civ. 101 (PNL) (S.D.N.Y.) [Bellevue Prison Psychiatric Ward]; Sheppard v. Phoenix, 91 Civ. 4148 (RPP) (S.D.N.Y.) [Central Punitive Segregation Unit].

16.    For example, Sheppard v. Phoenix, 210 F. Supp. 2d 250 (S.D.N.Y. 1998)(terminating injunction), was a class action that concerned the City's Central Punitive Segregation Unit (CPSU). That litigation unearthed abuse of prisoners and cover-ups sufficiently serious to merit criminal prosecution.

17.    Ingles v. Toro, 438 F. Supp. 2d 203 (S.D.N.Y. 2006) (approving stipulation of settlement), was a system-wide class action challenging the pervasive practice of using excessive force against inmates incarcerated in New York City's jails. This litigation revealed significant numbers of credible excessive force complaints from prisoners who had been seriously injured by staff in the City jails. The settlement of this class action was intended to provide meaningful improvements in the training, practice, and supervision of agency staff and investigators, and changes in the Department's use of force policy.

18.    Since 2002, senior supervisors and uniformed staff in the DOC have been sued repeatedly by inmates alleging staff beatings. Many of these cases, all resulting in favorable judgments for plaintiffs following settlement, include remarkably similar allegations of misconduct. See, e.g.,

• Reynolds v. City of New York, No. 11 Civ. 621 (S.D.N.Y.) (alleging beat-up in George Motchan Detention Center ("GMDC") resulting in shoulder fracture and loss of consciousness; settled for $200,500);

• Mull v. City of New York, No. 08 Civ. 8854 (S.D.N.Y.) (alleging beat-up in AMKC resulting in diffuse axonal injury to brain, partial loss of eyesight, and partial loss of hearing, and requiring the victim to take seizure medications; settled for $550,000);

- Belvett v. City of New York, No. 09 Civ. 8090 (S.D.N.Y.) (alleging beat-ups at GMDC and Robert N. Davoren Center ("RNDC") resulting in facial fracture; settled for $350,000);

- Youngblood v. Baldwin, No. 08 Civ. 5982 (S.D.N.Y.) (alleging beat-up at GRVC resulting in skull laceration and broken nose; settled for $240,000);

- Williams v. City of New York, No. 07 Civ. 11055 (S.D.N.Y.) (alleging beat-up in Otis Bantum Correctional Center ("OBCC") resulting in fractured jaw and facial bones and torn earlobe; settled for $202,500);

- Williams v. City of New York, No. 09 Civ. 5734 (S.D.N.Y.) (alleging beat-up in RNDC resulting in laceration to head; settled for $87,500);

- Lee v. Perez, No. 09 Civ. 3134 (S.D.N.Y.) (alleging beat-up at North Infirmary Command ("NIC") resulting in multiple rib fractures, a spinal fracture and a collapsed lung; settled for $300,000);

- Shuford v. City of New York, No. 09 Civ. 945 (S.D.N.Y.) (alleging two beat-ups at RNDC resulting in facial fractures; settled for $375,000);

- Diaz v. City of New York, No. 08 Civ. 4391 (S.D.N.Y.) (alleging beat-ups involving two inmates, one at AMKC and one at OBCC; settled for $400,000 and $450,000, respectively);

- Lugo v. City of New York, No. 08 Civ. 2931 (S.D.N.Y.) (alleging beat-up at NIC resulting in orbital fracture; settled for $185,000);

- Cuadrado v. City of New York, No. 07 Civ. 1447 (S.D.N.Y.) (alleging beat-up at RNDC resulting in punctured lung; settled for $175,000);

- Scott v. City of New York, No. 07 Civ. 3691 (S.D.N.Y.) (alleging beat-up at GMDC resulting in orbital fracture; settled for $175,000);

- Pischeottola v. City of New York, No. 06 Civ. 2505 (S.D.N.Y.) (alleging beat-up at RNDC resulting in punctured lung requiring chest tube; settled for $150,000);

- Rice v. N.Y.C. D.O.C., No. 03 Civ. 582 (S.D.N.Y.) (alleging beat-ups of two inmates at GRVC resulting in collapsed lung and contusion hematomas in one case, and in neck and spinal cord injuries causing permanent stutter in the other; settled for $255,000 and $590,000, respectively);

• Joseph v. N.Y.C. D.O.C., No. 02 Civ. 9219 (S.D.N.Y.) (alleging beat-up at GRVC resulting in orbital fracture; settled for $375,000).

19.    Additionally, through DOC's elaborate reporting system, the City of New York was aware of the pattern of a large number of incidents involving the use of unnecessary and/or excessive force by DOC staff members resulting in serious injuries to inmates but failed to take sufficient steps to curb these abuses.

20.    As of the time plaintiff was beaten, the City was aware of the unwillingness of the Department to investigate adequately and impose meaningful discipline against DOC staff members who use unnecessary and excessive force on prisoners, or who fail to accurately and honestly report it.

21.    Through all these cases and Department reports, the City has been made aware of the widespread practice by DOC staff members of using excessive and/or unnecessary force to injure, and not restrain, inmates. They have also been made aware of the failures of DOC's Investigation Division to adequately investigate allegations of misconduct and of the refusal of the Department to bring effective disciplinary charges against its officers to promote institutional reform and protect the safety of prisoners confined in DOC custody.

22.    The City cannot credibly contend that they are unaware of the pattern of abuse that occurs with regularity in New York City jails and the failure of the City to take sufficient measures to investigate and discipline this abuse.

23.    The City has not taken sufficient steps to curb the abuse that occurs on a daily basis in New York City jails. Indeed, it allows that abuse to persist through inadequate investigations of allegations of misconduct and the failure to discipline officers in the face of obvious wrongdoing.

**Assault Upon Plaintiff**

24.     Plaintiff is an African-American male.   While incarcerated on Rickers Island, plaintiff was assaulted a number of times by correctional officers.

**Incident 1: The Broken Arm (11/11/2014)**

25.     On or about November 11, 2014, plaintiff was held at the Otis Bantum Correctional Center (OBCC).   That day, at approximately 7:30 PM, agents and employees of City of New York attacked plaintiff. The officers kicked, punched and stomped upon plaintiff.   Once they knocked plaintiff to the ground, the officers bent plaintiff's left arm backwards and delivered tremendous blows to plaintiff's arm, breaking it. Claimant's injuries required immediate medical attention; however, claimant was denied medical attention. As a result of the foregoing, claimant was caused to suffer serious physical injuries and conscious pain and suffering.

**Incident 2- Permanent Disfigurement 2/20/2015**

26.     On or about February 20, 2015, plaintiff was held at the Otis Bantum Correctional Center (OBCC).   That day, at approximately 2:00 PM agents and employees of City of New York attacked plaintiff. Correctional Officers kicked and punched plaintiff. As a result of this assault, plaintiff sustained a large gash to his forehead, which required eight (8) stiches to close. As a result of the foregoing, claimant was caused to suffer serious physical injuries and conscious pain and suffering.

27.     At no time did plaintiff assault or attempt to assault any officer, nor did he present a threat or perceived threat to the personal safety of any officer or to the security of the jail so as to warrant the repeated application of physical blows. Plaintiff did not provoke these beatings nor did he conduct himself in  any manner that would warrant any use of force, much less the excessive force actually used.   Defendant officers acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiff's rights and physical well being.

28.     All of the above was done in violation of state and federal law.

29.    Defendants employed unnecessary and unreasonable force against the plaintiff. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct.

30.    As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, serious physical injuries including a broken front tooth, contusions about the face, head and body, a gash on the head, severe bumps on his head, and bruising on his ribs, and permanent disfigurement.

31.    The conduct of the defendant correctional officers in assaulting the plaintiff and denying him medical attention directly and proximately caused serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

32.    The officers intentionally used excessive force. The defendant correctional officers acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

33.    As a direct result of the acts alleged herein, the plaintiff has suffered painful physical injury and pain, severe mental pain and anguish, and severe emotional distress.  All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

## COUNT ONE
## Assault and Battery
## New York State Tort Law (Against All Defendant)

34.    Plaintiff repeats and realleges each and  every  allegation above  as if fully set forth herein.

35.    The    Defendants intentionally touched Plaintiff and caused him serious physical injury.

36.    The  Defendants' touching of Plaintiff  was  harmful and

offensive and occurred without legal justification, excuse, or privilege.

37.    Plaintiff did not consent to physical contact by any of the Defendants.

38.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such unlawful conduct, had a duty to intervene and prevent such unlawful conduct, and knowingly and intentionally failed to intervene.

39.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

40.    Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

41.    The Defendants, individually and in concert, arrested, confined, caused the confinement, and/ or continued the confinement of Plaintiff without any privilege whatsoever, with the intent to confine, or cause the confinement of, Plaintiff.

42.    Plaintiff was conscious of his confinement

43.    Plaintiff did not consent to his confinement.

44.    Plaintiff s confinement was not otherwise privileged.

45.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT TWO

## Excessive Use of Force, 42 U.S.C. § 1983

### (Against All Defendants)

46.    Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

47.    The Defendants intentionally touched Plaintiff.

The Defendants' touching of Plaintiff involved the use of excessive physical force and caused and/ or exacerbated serious injuries to Plaintiff.

48.    Plaintiff did not consent to the excessive physical contact by any of the Defendants, and they lacked legal justification, excuse, or privilege for their conduct.

49.    By virtue of the foregoing, the Defendants each deprived Plaintiff of his right under the Fourth Amendment to the United States Constitution to be free from the excessive use of force.

50.    The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

51.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT THREE

## Substantive Due Process

## 42 U.S.C. § 1983 (Against All Defendants)

52.    Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

53.    The Defendants each maliciously and sadistically abused their government power in their actions toward Plaintiff.

54.    These actions were of a kind likely to, and which in fact

did, produce substantial injury to Plaintiff.

55.    The    Defendants  treated  Plaintiff  in  a  manner  that shocks the conscience.

56.    The    Defendants  thus  violated  Plaintiff s  right  to substantive  due  process  under  the  Fifth  and  Fourteenth Amendments to the United States Constitution.

57.    The    Defendants  each  deprived  Plaintiff  of  his  rights intentionally, willfully, or recklessly, under color of law.

58.    As a direct  and  proximate  result  of  the  misconduct and  abuse  of  authority  detailed  above,  Plaintiff  sustained  the damages herein  alleged.

## COUNT FOUR
## Cruel and Unusual Punishment, 42
## U.S.C. § 1983 (Against All Defendants).

59.    Plaintiff repeats and re-alleges each and every allegation above  as if  fully set forth herein.

60.    The defendants intentionally inflicted unnecessary and wanton pain and punishment upon Plaintiff by punching, kicking, and stomping him until he lost consciousness.

61.    By  intentionally  inflicting  unnecessary  and  wanton pain  and  punishment  upon  Plaintiff,  the  defendants  violated Plaintiff s rights under the Eighth and Fourteenth Amendments to the United States Constitution.

62.    The defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

63.    As a direct and proximate  result  of  the  misconduct and  abuse  of  authority  detailed  above,  Plaintiff  sustained  the damages herein  alleged.

## COUNT FIVE

### Respondeat Superior Liability Against the City of New York

64.    Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

65.    The aforementioned conduct of the defendants occurred while they were on duty and was within the scope of their authority as officers.

66.    Thus, Defendant City of New York is liable to Plaintiff for his damages under the doctrine of respondeat superior.

## COUNT SIX

### 42 U.S.C. § 1983/Fourteenth Amendment
### (Against Defendant City)

67.    Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

68.    Defendant City, through the DOC and officers to whom policymaking authority was delegated, and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of staff brutality and retaliation by DOC staff at the time of plaintiff's beatings. This widespread tolerance of correction officer abuse of prisoners constituted a municipal policy, practice, or custom and led to plaintiff's repeated assaults.

69.    By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom pursuant to which plaintiff was subjected to brutal beatings and untimely medical care, defendant City has deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed under the Fourteenth Amendment to be free from gratuitous and excessive force. Defendant City had a policy, custom, or practice of failing to train and/or supervise the individually named defendants

and other City employees on how to timely and adequately care for and treat inmates who were suicidal or severely depressed.

70. The City's failure to implement policies and practices and failure to train and supervise its employees resulted in the individual defendants and other City employees not treating and not properly obtaining timely care for plaintiff's depression and suicidal ideations.

71. These failures led directly to the violation of plaintiff's rights.

These failures led directly to the incidents that followed that led to plaintiff being injured.

72. As a direct and proximate result of the policy, practice, and custom detailed above, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court:

(a)   Award compensatory damages against the defendants, jointly and severally, for not less than $1,000,000;

(b)   Award punitive damages against the individual defendants, jointly and severally;

(c)   Award costs of this action to the Plaintiff;

(d)   Award reasonable attorneys' fees and costs to the Plaintiff pursuant to 42 U.S.C. § 1988;

## JURY DEMAND

Plaintiff hereby demands a jury trial.

Amy Rameau
Amy Rameau, Attorney at Law P.C.
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 887-5536
Fax: 78.887.5536
rameaulawny@gmail.com